# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| GARSUMO PEE DORLEY, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 5:22-cv-62 |
| | * | |
| v. | * | |
| | * | |
| T. NORMAND, | * | |
| | * | |
| Respondents. | * | |

## ORDER

After an independent and de novo review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 21. Respondent and Petitioner Garsumo Dorley ("Dorley") filed Objections to this Report and Recommendation. Dkt. Nos. 23, 24.

In his Objections, Respondent asserts the Magistrate Judge misapplied the first factor of Sopo v. U.S. Attorney General, 825 F.3d 1199 (11th Cir. 2016), *vacated*, 890 F.3d 952 (11th Cir. 2018), which is the amount of time Dorley has been in detention without a bond hearing.[1] Dkt. No. 23 at 2. Specifically,

---

[1] Under Sopo, a court should consider, among other things: (1) the amount of time the alien has been in detention without a bond hearing; (2) the cause of the protracted removal proceedings (i.e., whether the petitioner or the government has improperly delayed the proceedings); (3) whether it will be possible to remove the alien upon the issuance of a final order of removal; (4) whether the period of civil

Respondent states the Magistrate Judge improperly determined the date he issued the Report and Recommendation, rather than the date Dorley filed his 28 U.S.C. § 2241 Petition, is the correct measure of Dorley's time in detention without a bond hearing. Id. at 3 (citing Akinwale v. Ashcroft, 287 F.3d 1050, 1051 (11th Cir. 2002)).[2] Because Dorley raises a due process violation in the context of detention under 8 U.S.C. § 1226(c), the entirety of his detention without an individualized bond hearing, i.e., through the date of this Court's decision, appears to be the proper measure of time. Even if the date the Petition was filed is the relevant date, the distinction is immaterial to this factor in Dorley's case. Dorley was detained without a bond hearing for 15 months, when calculated from the beginning of his detention through date of filing Petition, or 20 months, when calculated from the beginning of detention through the date of the Report and Recommendation. Either way, the period exceeds

---

immigration detention exceeds the time the alien spent in prison for the crime that rendered the alien removable; (5) whether the facility at which the alien is civilly detained is meaningfully different from a penal institution; and (6) the likelihood the removal proceedings will conclude in the near future. 825 F.3d 1199, 1217-18 (11th Cir. 2016).

[2]   In Akinwale, the Eleventh Circuit Court of Appeals affirmed the dismissal of a 28 U.S.C. § 2241 petition where the petitioner had been in detention under 8 U.S.C. § 1231(a)(6) for only four months' time when he filed his petition, a time which did not exceed the six-month "presumptively reasonable period" for detention of a removable alien awaiting deportation. 287 F.3d at 1051-52 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)). Respondent does not argue, however, this factor should weigh in his favor. Dkt. No. 23.

the 12-month presumptively reasonable period found in Sopo. Dkt. No. 21 at 8 (quoting Sopo, 825 F.3d at 1218). The Court overrules Respondent's Objection.

Dorley "agrees with the Magistrate Judge's ultimate conclusion" but does object to the Magistrate Judge: concluding the factor regarding the cause of protracted proceedings is neutral and declining to decide whether the government would have the burden of persuasion in any bond hearing. Dkt. No. 24 at 1. Dorley maintains immigration officials caused delays by filing the original charging document in the wrong jurisdiction and then took no action to prosecute his case for five months' time once his case was in the proper jurisdiction. Dorley concludes the immigration judge's errors resulting in delays should result in a finding in his favor on this Sopo factor. Id. at 2-4. In his Objections, Dorley merely reasserts his arguments made at the hearing before the Magistrate Judge regarding the immigration judge's errors, but he does not show the Magistrate Judge clearly erred or that his finding is contrary to law. Fed. R. Civ. P. 72(a). Dorley does not show either party acted with dilatory motive or in bad faith, nor does he show the Magistrate Judge did not consider the relevant actions or inactions leading to some of the delays in proceedings. Furthermore, any error on this factor would not

materially strengthen Dorley's position or lessen the Government's position. The Court overrules Dorley's Objection.

Both parties object to the Magistrate Judge declining to make any recommendation as to which party should bear the burden at an individualized bond hearing. Dkt. No. 23 at 3 (Respondent's Objection to failing to recommend Dorley bear the burden at a bond hearing before an immigration judge); Dkt. No. 24 at 4 (Dorley's Objection to failing to recommend the Government bear the burden of proof at a bond hearing before an immigration judge). In support, Dorley cites non-binding caselaw.[3] The parties fail to show the Magistrate Judge erred in declining to give a recommendation for which party should bear the burden of proof at Dorley's individualized bond hearing. Dkt. No. 21 at 12. The immigration judge conducting the individualized bond hearing should make any burden determination.

---

[3] Dorley cites Mathews v. Eldridge, 424 U.S. 319, 335 (1976), in support of his position on a burden, dkt. no. 24 at 4, but does not point the Court to any cases in which courts in this Circuit have applied Mathews in a situation like Dorley's, id. at 4-5. Additionally, the Court notes in J.G. v. Warden, Irwin County Detention Center, the district court found the Government "must bear the burden of proof to justify a noncitizen's detention pending removal proceedings." 501 F. Supp. 3d 1331, 1335 (M.D. Ga. 2020). However, this decision was reached as a result of the petitioner's due process challenge within the bond determination hearing context itself, not whether a district court should make a burden determination within the context of a due process challenge to unreasonably prolonged detention, as is the issue before this Court.

The Court **OVERRULES** the parties' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DENIES** Respondent's Motion to Dismiss, **GRANTS** Dorley's 28 U.S.C. § 2241 Petition, and **DIRECTS** Respondent or other Immigration and Customs Enforcement ("ICE") officials to conduct an individualized bond hearing for Dorley as soon as practicable.

**SO ORDERED**, this 28 day of April, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA